UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HUMPHREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 4:14-40127-TSH |
| | ) | |
| TOWN OF SPENCER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**March 21, 2016**

Hennessy, M.J.

The parties to this matter jointly seek an order, pursuant to Fed. R. Civ. P. 45(g), holding Katy Lajeunesse a.k.a. Katy Irwin ("Lajeunesse") in contempt for her failure to appear for a deposition. A non-party, Lajeunesse's relevance to this matter arises from her alleged involvement in events precipitating those which underlie plaintiff's claims. See Complaint at §§ 12-18, 24, 26-30, 32, 55, 78, 81, 149; see also Docket # 37-1. After multiple failed attempts to locate Lajeunesse, counsel for defendants issued a subpoena directing Lajeunesse to appear at a deposition on March 4, 2016. See generally Docket # 37, 37-2, 37-3, 37-4. That subpoena was served by the Barnstable County Sheriff's Office, which left a copy at Lajeunesse's "last and usual place of abode." See Docket # 37-4. Lajeunesse did not appear, and the instant motion followed.

While Fed. R. Civ. P. 45(g) permits a court to "hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena or an order related to it" (emphasis added), I decline to consider the motion's substantive merits, since it fails on procedural grounds. Rule 45(b)(1) states in relevant part that "[s]erving a subpoena requires delivering a copy to the

named person." More than one source has discussed the ambiguity inherent in the rule's service requirement and the split in authority resulting therefrom. See, e.g., Accurso v. Cooper Power Sys., Inc., No. 06 Civ. 848S, 2008 WL 2510140, at *3-4 (W.D.N.Y. June 19, 2008); Doe v. Hersemann, 155 F.R.D. 630 (N.D. Ind. 1994); see also Orlee Goldfeld, Rule 45(b): Ambiguity in Federal Subpoena Service, 20 Cardozo L. Rev. 1065 (1999). Although some courts have allowed, under limited circumstances, "service of a subpoena other than by personal delivery so long as the manner of service reasonably ensured its actual receipt," see Accurso, 2008 WL 2510140, at *4 (citing cases), such authority runs counter to "the majority of jurisdictions (and commentators) [which hold] that Rule 45(b)(1) requires personal delivery of a subpoena upon the party being served, absent an Order to the contrary authorizing alternative service." See id.[1]

   I agree with this majority that Rule 45(b)(1) mandates personal service, which did not occur here. See Docket # 37-4. In the alternative, I agree that uncontroverted evidence that the third party was actually and timely served satisfied Rule 45.[2] And, while the parties have demonstrated service at a location alleged to be Lajeunesse's abode based upon "further research into the current address of Lajeunesse," see Docket # 37 at p. 2, they have not established "that the manner of service reasonably ensured [the subpoena's] actual receipt." See Accurso, 2008 WL 2510140, at *4. Accordingly, Lajeunesse is not a "person who[ ] ha[s] been served" for purposes of Rule 45(g), and thus, a finding of contempt may not issue. The joint motion therefore is denied without prejudice. Counsel may submit any evidence establishing that, in fact, before March 4, 2016,

---

[1] Further—and of particular significance here—one such minority case not requiring personal service made clear that "abode service, where a document is left at the served individual's dwelling, would not assure delivery *to the person*." Hersemann, 155 F.R.D. 630, 630 (N.D. Ind. 1994) (emphasis in original).

[2] An assurance of successful and timely service on the third party, even in the absence of personal service, provides the "just, speedy, and inexpensive determination" of an action. See Fed. R. Civ. P. 1; Hersemann, 155 F.R.D. at 630.

Lajeunesse actually received the subpoena to attend the March 4 deposition, and therefore that her failure to appear triggers a show cause hearing.[3]

/s/ David H. Hennessy  
David H. Hennessy  
UNITED STATES MAGISTRATE JUDGE

---

[3] Additionally, there is no indication that this motion was served upon Lajeunesse. Although the parties write that "paper copies [of the motion] will be sent to those indicated as non-registered participants as listed below," see Docket # 37 at p. 4, Lajeunesse is not so listed. In the event the parties seek to submit evidence of Lajeunesse's receipt of the subpoena, they must likewise demonstrate that she has been properly served with the instant motion.